IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

JOSHUA M. MEYER,

Defendant.

8:25CR9

PLEA AGREEMENT

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Matthew R. Molsen, Acting United States Attorney, and Sarah A. Hinrichs, Assistant United States Attorney, and defendant, Joshua M. Meyer, and Yvonne D. Sosa, counsel for defendant, as follows:

I

**THE PLEA**

A.  CHARGE(S).

Defendant agrees to plead guilty to Count I of the Indictment. Count I charges a violation of Title 18, United States Code, Sections 2252(a)(2) and (b)(1).

B.  In exchange for the defendant's plea of guilty as indicated above, the United States agrees as follows:

1.  The United States will move to dismiss Count II at the time of sentencing. The United States will also move to dismiss the Petition for Offender Under Supervision (Filing 59) in 8:13CR320 and will move to terminate the supervision in 8:13CR320 at the time of sentencing in 8:25CR9.

2.  The United States agrees that the defendant will not be federally prosecuted in the District of Nebraska for crimes as disclosed by the discovery material delivered to the defendant's attorney as of the date this agreement is signed by all parties, other than as set forth in paragraph A, above. This agreement not to prosecute the defendant for specific crimes does not prevent any prosecuting authority from prosecuting the defendant for any other crime, or for any crime involving physical injury or death.

## II
## NATURE OF THE OFFENSE

A.  ELEMENTS EXPLAINED.

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1. That on or about the dates set forth in the Indictment, defendant knowingly distributed or attempted to distribute one or more items that were visual depictions(s) of child pornography;

2. Defendant knew the visual depictions were of a minor engaging in sexually explicit conduct; and

3. The material containing the visual depictions had been transported by computer in interstate commerce.

4. Defendant had a prior conviction under Chapter 110 of Title 18.

B.  ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

1. On August 18, 2023, Medialab/KIK (KIK) made a report to the National Center for Missing and Exploited Children (NCMEC) indicating KIK user "jmike047" using email address jmm047@yahoo.com uploaded seven files between June 27, 2023 and July 17, 2023, which would be considered child pornography. The IP Address associated with the CyberTip resolved to an Omaha, Nebraska residence where Joshua M. Meyer (Meyer) resided.

2. On January 26, 2024, investigators with the Douglas County Sheriff's Office and FBI Task Force obtained and served a search warrant to KIK for information associated with user account "jmike047". In the KIK production, investigators located subscriber information identifying email address jmm047@yahoo.com, and showing an Android device being used to access the KIK account. In the KIK production, investigators found 25 image files and 118 video files depicting child pornography. The KIK production included the child pornography files KIK reported to NCMEC and showed user "jmike047" shared those files with other KIK users between June 27, 2023 and July 17, 2023.

3. Meyer is a registered sex offender. On February 6, 2014, Meyer was convicted in the District of Nebraska, case 8:13CR320, of Receipt/Distribution of Child Pornography and Possession of Child Pornography. Meyer's sentence included a 120-month supervised release term, which he was serving during this investigation. Investigators confirmed Meyer's residential address and phone number with his federal probation officer and the Nebraska Sex Offender Registry.

4. On August 15, 2024, investigators executed a residential search warrant at Meyer's residence, 7070 Capital Ct., Apt. 884, Omaha, Douglas County, Nebraska. Investigators contacted Meyer at the residence and seized a UGREEN hard drive and blue, Nokia cell phone. Investigators forensically examined the devices recovered from Meyer's residence and located no child pornography on the devices.

5. During the investigation, KIK made three additional reports to NCMEC. The first report indicated on June 1, 2024, a KIK user "bigjay402" using email shraderhank088@gmail.com shared two child pornography videos on KIK. The second report indicated on July 8, 2024, a KIK user "juggalo047" using email greatriddlebrothers@gmail.com shared four child pornography videos on KIK. The third report indicated on July 8, 2024, a KIK user "whyamisick402" using email shraderhank0800@gmail.com shared three child pornography videos on KIK. The IP addresses associated with these three CyberTips resolved to Meyer's address and a Cox Communications account listing Meyer as the subscriber. Investigators obtained search warrants for all three KIK accounts and those KIK productions confirmed the user sent child pornography to other KIK users via the app's chat function.

4. Investigators interviewed Meyer on August 15, 2024. Meyer admitted to utilizing a TracFone, unknown to his probation officer, to circumvent restrictions on his known cell phone. Meyer indicated he used the various KIK accounts reported to NCMEC to send child pornography to other KIK users and receive child pornography from other KIK users. Meyer claimed ownership of the Google email accounts associated with the KIK accounts and explained he threw the TracFone away about a month prior to the interview. Across all KIK accounts, investigators found 25 photos and 126 videos depicting child pornography. These photos depicted infants and toddlers and other children under the age of twelve (12), including depictions of masochism and violence. The files depicted fellatio and digital, penile, vaginal, and anal penetration.

5. All events occurred in the District of Nebraska.

## III
## PENALTIES

A. COUNT I. Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1. A mandatory minimum of 15 years in prison and a maximum of 40 years in prison;
2. A maximum $250,000 fine;
3. A mandatory special assessment of $100 per count;
4. A possible special assessment of $5,000 under the Justice for Victims of Trafficking Act;
5. An additional special assessment of up to $35,000 under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act;
6. A term of supervised release of at least 5 years, up to life. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release; and
5. Possible ineligibility for certain Federal benefits.

## IV
## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## V
## SENTENCING ISSUES

A. SENTENCING AGREEMENTS.

Although the parties understand the Guidelines are advisory and only one of the factors the court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments

and Departures (if applicable). Unless otherwise stated, all agreements as to sentencing issues are made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1.  If the defendant is found to be entitled to an offense level reduction under U.S.S.G. 3E1.1(a) for acceptance of responsibility, the United States hereby moves the court reduce the defendant's offense level by one additional level, pursuant to U.S.S.G. § 3E1.1(b), if that paragraph otherwise applies.

B.  ACCEPTANCE OF RESPONSIBILITY.

Notwithstanding paragraph A above, the United States will not recommend any adjustment for Acceptance of Responsibility if defendant:

1.  Fails to admit a complete factual basis for the guilty plea at the time it is entered, or
2.  Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the court or probation officer, or
3.  Fails to appear in court, or
4.  Engages in additional criminal conduct, or
5.  Attempts to withdraw the guilty plea, or
6.  Refuses to abide by any lawful court order, or
7.  Contests or assists any third party in contesting the forfeiture of property(ies)seized or forfeited in connection with this case.

**The parties further agree the defendant will make no "blanket" objections to the criminal history calculation (specific objections based on stated grounds are permitted). Objections to criminal history on the basis that the defendant was not the person who was convicted of the offense(s) described in the presentence investigation report or on the basis that the defendant was not represented by counsel in connection with such conviction(s), if determined to be unfounded, are evidence the defendant has not accepted responsibility and the parties agree no credit for acceptance of responsibility should be given.**

C.  ADJUSTMENTS, DEPARTURES & REDUCTIONS UNDER 18 U.S.C. § 3553.

The parties agree that defendant may request or recommend additional downward adjustments, departures, including criminal history departures under U.S.S.G. § 4A1.3, and sentence reductions under 18 U.S.C. § 3553(a), and that the United States will oppose any such downward adjustments, departures, and sentence reductions not set forth in Section V, paragraph A above.

D.  CRIMINAL HISTORY.

The parties have no agreement concerning the defendant's Criminal History Category, except that if defendant is determined to be a Career Offender, the parties agree that the defendant is automatically a Criminal History Category VI pursuant to U.S.S.G. § 4B1.1(b).

E.  "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report and may be disclosed to the court for purposes of sentencing.

F.  RECOMMENDATION REGARDING CUSTODY.

The United States will recommend that defendant be sentenced to a term of imprisonment within the bottom half of the advisory guideline range as determined by the Court pursuant to this agreement.

G.  RESTITUTION. Defendant agrees to the following regarding restitution:

   a. The amount of restitution ordered by the Court shall include all relevant conduct, including, but not limited to, all charged and uncharged criminal conduct alleged in the Indictment, and not limited to the count(s) of conviction. As such, it is understood Defendant will be ordered to pay restitution to the following persons or organizations: any minor victims of Defendant's criminal activity and relevant conduct as determined by the Court.

   b. Defendant shall pay restitution as determined by the Court at sentencing and, Defendant shall pay an Assessment if determined by the Court to be financially able pursuant to the Amy, Vicky, and Andy Child Pornography victim Assistance Act (AVAA) and/or Justice for Victims of Trafficking Act (JVTA).

   c. Defendant also shall pay the Special Assessment of $100 per count of conviction by submitting a satisfactory form of payment to the Clerk of the Court *prior to* appearing for the sentencing proceeding in this case.

   d. Restitution and Assessment payments shall be made payable to the "U.S. District Court Clerk" and submitted to: Clerk, United States District Court, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Suite 1152, Omaha, NE 68102-1322.

  e. The District Court Clerk will subsequently disburse Defendant's restitution payments to the victims determined by the Court at sentencing for the amount(s) to be determined by the Court at sentencing.

  f. Court imposed monetary penalties are ***due immediately*** and subject to ***immediate*** enforcement by the United States. 18 U.S.C. § 3613.

  g. Any Court ordered schedule for restitution payments is merely a ***minimum*** payment obligation, and does not limit the methods by which the United States may immediately enforce the judgment in full, including but not limited to enrollment in the Treasury Offset Program (TOP) (*see* 26 U.S.C. § 6402(d); 31 U.S.C. §3720A; 31 U.S.C. § 3716) and garnishment of available funds, wages, or assets (*see* 18 U.S.C. §§3613, 3664(m)).

  h. If incarcerated, Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a payment schedule.

  i. Defendant will provide all of defendant's financial information to the United States and the Probation Officer, and agrees, if requested, to participate in a pre-sentencing debtor exam. Defendant will fully and truthfully disclose all assets and property in which Defendant has any interest, or over which Defendant exercises control directly or indirectly, including assets and property held by a spouse, nominee or other third party.

  j. At the request of the U.S. Attorney's Office (USAO), Financial Litigation Program (FLP), Defendant will promptly execute and return a fully completed and executed Financial Disclosure statement under oath, a Tax Information Authorization Form 8821, and a Request for Transcript of Tax Return Form 4506-T. Defendant also agrees to provide the USAO FLP copies of financial information that Defendant submitted to the U.S. Probation Office.

  k. Defendant authorizes the USAO FLP to obtain Credit Reports concerning Defendant to enable the USAO to evaluate Defendant's ability to satisfy any financial obligations and monetary penalties imposed as part of the sentence, and will execute any Release for such information upon request.

  l. Defendant understands that compliance with USAO requests for financial information will be taken into account when the United States makes a recommendation to the Court regarding Defendant's acceptance of responsibility at sentencing. Defendant's failure to

timely and accurately complete and sign the financial statement and any update thereto, may, in addition to any other penalty or remedy, indicate a failure to accept responsibility.

   m. Defendant's disclosure obligations are ongoing, and are in force from the execution of this agreement until Defendant has satisfied restitution in full.

   n. Defendant certifies that Defendant has not transferred assets or property for the purpose of (1) evading financial obligations created by this Agreement; (2) evading obligations that may be imposed by the Court; nor (3) hindering efforts of the USAO to enforce such financial obligations. Defendant promises that Defendant will make no such transfers in the future.

   o. If the United States learns of any misrepresentation in the financial disclosure statement, or of any asset in which Defendant had an interest at the time of this plea agreement that is not disclosed in the financial disclosure statement, and in the event such misrepresentation or nondisclosure changes the estimated net worth of Defendant by ten thousand dollars ($10,000.00) or more, the United States may at its option: (1) choose to be relieved of its obligations under this plea agreement; or (2) let the plea agreement stand, enforce the full forfeiture, restitution, and fines imposed by any criminal or civil judgment, including enforcement of 100 percent of the value of any previously undisclosed asset. Defendant agrees not to contest enforcement against of such asset or property. If the United States opts to be relieved of its obligations under this plea agreement, Defendant's previously entered pleas of guilty shall remain in effect and cannot be withdrawn.

## VI

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

   (a) As provided in Section I above, (if this is a conditional guilty plea); and
   (b) A claim of ineffective assistance of counsel.
   (c) A right to file a motion under Section 3582(c)(1)(A);
      1. the general right to file a compassionate release motion;

        2. the right to file a second or successive such motion; or

        3. the right to appeal the denial of a compassionate release.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

    (a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

    (b) The right to seek post-conviction relief based on ineffective assistance of counsel.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII

## BREACH OF AGREEMENT

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII
## SCOPE OF AGREEMENT

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs the agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

F. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

IX

## MODIFICATION OF AGREEMENT MUST BE IN WRITING

No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

X

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

ACTING UNITED STATES OF AMERICA
MATTHEW R. MOLSEN
United States Attorney

_5-9-25_
Date

SARAH A. HINRICHS
ASSISTANT U.S. ATTORNEY

_4/29/25_
Date

JOSHUA M. MEYER
DEFENDANT

_4/29/25_
Date

YVONNE D. SOSA
COUNSEL FOR DEFENDANT